DEATH VALLEY RAILROAD COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36590. Promulgated June 18, 1931.

*Albert R. Palmer, Esq.*, and *Harry W. Stelle, Jr., Esq.*, for the petitioner.

*J. T. Haslam, Esq.*, for the respondent.

OPINION.

ARUNDELL: Petitioner claims that in computing net income for the calendar year 1923 it is entitled to deduct either (1) the adjusted net loss of $21,594.68 for the fiscal year ended September 30, 1921, or (2) the entire loss of $36,161.25, for the calendar year 1921, subject to adjustment on account of income of its affiliated companies for 1921 and 1922 and its own net income for the calendar year 1922.

Respondent's argument against allowing any deduction in 1923 on account of the 1921 net loss has several branches. They are, first, that because of petitioner's affiliation with companies having a fiscal year its returns for 1921 and 1922 were required to be on a fiscal

year basis, hence the calendar years 1921 and 1922 were not " taxable years," and, as only net losses for " taxable years " can be carried forward, petitioner's net loss for the calendar year 1921 can not be applied against net income for the calendar years 1922 and 1923. Second, while conceding that the adjusted net loss of $16,196.01 for the fiscal year ended September 30, 1921, may be carried forward, the fact that petitioner had a net loss for the year ended September 30, 1922, requires that the entire $16,196.01 be carried forward to the " next succeeding taxable year," which respondent says is the three-month period ended December 31, 1922. Respondent further says that, as section 204 does not provide for carrying forward net losses more than two succeeding taxable years, no part of the $16,196.01 may be carried over to the calendar year 1923.

In *Strain Brothers, Inc.*, 19 B. T. A. 601, we had a similar situation in that there was a short period (one month) between the close of one accounting period of twelve months and the beginning of the next. We there held that such short period did not constitute a " taxable year " and that a net loss sustained for a prior taxable year may not be deducted in computing net income for the short period. Respondent attempts to distinguish the *Strain Brothers* case on the ground that in that case there was a voluntary change in the accounting period. But in the present case, too, there was a voluntary change of accounting period. While the petitioner kept its accounts on a calendar year basis, the respondent put it on a fiscal year basis for tax purposes. It is stipulated that beginning October 1, 1922, petitioner " elected " not to be consolidated with any other corporation, and thereupon its accounting year for tax purposes was changed to coincide with its bookkeeping year—that is, from fiscal year to calendar year. The stipulation that petitioner " elected " to change its status connotes a voluntary act and the change of accounting period that followed must likewise be held a voluntary change. We are accordingly of the opinion that, following the *Strain Brothers* case, *supra*, the calendar year 1923 is the " next succeeding taxable year " with relation to the fiscal year ended September 30, 1921.

One of petitioner's arguments is that it was the principal reporting company of the affiliated group and that therefore the taxable years of the others should have been changed to coincide with its calendar year rather than having its year changed to coincide with the fiscal year of the others. The case was submitted on a stipulation of facts and those facts are insufficient to support petitioner's claim. And

we think it was proper for the respondent to adjust all returns of the affiliated group so that their taxable years correspond with the parent or principal reporting company. Section 240(e) of the Revenue Act of 1921 provides that affiliated corporations "shall make consolidated returns for any taxable year beginning prior to January 1, 1922, in the same manner and subject to the same conditions as provided by the Revenue Act of 1918." The 1918 Act (sec. 240(a)) provides that affiliated corporations shall make consolidated returns "under regulations to be prescribed by the Commissioner with the approval of the Secretary." Pursuant to this authority, the Commissioner promulgated article 638 of Regulations 45, which provides in part:

> *Different fiscal years of affiliated corporations.*—In the case of all consolidated returns, consolidated invested capital must be computed as of the beginning of the taxable year of the parent or principal reporting company and consolidated income must be computed on the basis of its taxable year.

This appears to be a reasonable regulation. If the taxable years of affiliated companies were not brought into harmony it would be impossible to make proper computations of invested capital and income.

As shown by the stipulation, petitioner sustained a net loss of $22,162.23 in the fiscal year ended September 30, 1921. In view of the fact that one of its affiliates had net income in that year, there remains to the petitioner only a prorated portion of its net loss, $21,594.68, under the rule in *Swift & Co.* v. *United States* (Ct. Cls.), 38 Fed. (2d) 365. See also *General Box Corporation*, 22 B. T. A. 725. The portion of this net loss that may be carried forward to succeeding years is limited, as stipulated, to $16,196.01 by section 204(d) of the 1921 Act, which prescribes that in the case of fiscal years beginning in 1920 and ending in 1921 the taxpayer shall have the benefit of the net loss sustained in that year in "the same proportion of such net loss which the portion of such fiscal year falling within the calendar year 1921 is of the entire fiscal year."

It is stipulated that for the fiscal year ended September 30, 1922, petitioner had a net loss remaining after adjustment for the income of the only one of the affiliated group that had income, and as that was the "succeeding taxable year" with relation to the fiscal year ended September 30, 1921, petitioner is entitled to carry over to the "next succeeding taxable year," namely the calendar year 1923, the net loss of $16,196.01 remaining to it from the fiscal year ended September 30, 1921.

*Decision will be entered under Rule 50.*